Electronically filed on November 16, 2005

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KENT D. FLORO, | ) | |
| Plaintiff, | ) | No. 01-538 L |
| v. | ) | Judge Francis M. Allegra |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL FINAL JUDGMENT AND STAY OF THE REMAINING LITIGATION**

Defendant hereby submits the following response and opposition to Plaintiff's motion for partial final judgment as to his regulatory takings claim. As set forth below, Plaintiff has failed to establish that the general policy against piecemeal litigation should be set aside in this case to allow for the immediate appeal of his regulatory taking claim and a corresponding stay of his physical taking claim. Other than the hypothetical possibility that a second trial might be avoided if the appellate court were to reverse this Court's summary judgment order, Plaintiff has not demonstrated that considerations of justice favor the entry of partial judgment. Plaintiff's motion should therefore be denied.

ARGUMENT

Plaintiff's case consists of a regulatory takings claim and a physical takings claim, brought as a single count in his complaint. Plaintiff's regulatory takings claim is based upon his

argument that he has a property interest in maintaining the navigability of the mouth of the Toussaint River, over one mile downstream from his real property, on which he formerly operated a marina. By contrast, Plaintiff's physical takings claim is not premised upon any alleged property right at the mouth of the river, but instead must be based upon an alleged physical invasion of Plaintiff's upstream property. See, e.g., Forest Properties, Inc. v. United States, 177 F.3d 1360, 1364 (Fed. Cir. 1999) ("A physical taking of land occurs when the government itself occupies the property or requires the landowner to submit to physical occupation of its land, whether by the government or a third party") (internal quotations and citations omitted).

On September 13, 2005, the Court granted summary judgment for Defendant on Plaintiff's regulatory takings claim, finding that Plaintiff does not have a compensable property right in maintaining the navigability of the mouth of Toussaint River. Plaintiff now characterizes this as the "major claim" in his case and seeks entry of a partial judgment pursuant to RCFC 54(b) so as to allow him to immediately appeal the Court's ruling. Pl.'s Mot. at 1. Plaintiff also seeks to stay litigation of the physical takings claim while he appeals the ruling on the regulatory taking. Id. at 2.

Appellate courts, including the Federal Circuit, "have historically disfavored piecemeal litigation and permitted appeals from complete and final judgments only." W.L. Gore & Assocs., Inc. v. Internal Med. Prosthetics Research Assocs., Inc., 975 F.2d 858, 861 (Fed. Cir. 1992). In a case such as this one that involves more than one claim, "there is no final decision until a judgment is entered adjudicating all of the claims." Ultra-Precision Mfg., Ltd. v. Ford Motor Co., 338 F.3d 1353, 1357 (Fed. Cir. 2003) (citing Spraytex, Inc. v. DJS&T Homax Corp., 96

F.3d 1377, 1379 (Fed. Cir. 1996)). However, given the complexity of modern litigation, the rules of this Court offer a limited exception to the general rule against piecemeal litigation. This exception is found in Rule 54(b),[1] which provides in relevant part that,

> [w]hen more than one claim for relief is presented in an action, . . . the court may direct the entry of final judgment as to one or more but fewer than all of the claims. . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Under Rule 54(b), a trial court can sever an individual claim that has been finally resolved, thus allowing an appeal of that final decision to be taken without waiting for a final decision on all pending claims. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 432 (1956); W.L. Gore, 975 F.2d at 861. The application of Rule 54(b) is committed to the discretion of the trial court, whose function is to act as a "dispatcher" by determining whether the entry of a partial final judgment is appropriate given the circumstances of the particular case. Ultra-Precision Mfg., 338 F.3d at 1357 (quoting Sears, 351 U.S. at 436). In this regard, it is important to note that "'[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.'" Id. (quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980)).

Plaintiff's primary argument in support of his motion is that if his appeal on the regulatory takings claim is successful, only one trial on both claims will be required. Plaintiff further asserts that "most" of the same evidence used to prove his physical taking claim "would also be relevant to prove liability and damages on the regulatory takings claim." Pl. Mot. at 2. However, the fact that an immediate appeal might avoid two separate trials should the partial

[1]The relevant provision of RCFC 54(b) is identical to Fed. R. Civ. P. 54(b).

summary judgment later be vacated is "rarely, if ever, a self-sufficient basis for a Rule 54(b) certification." Kersey v. Dennison Mfg. Co., 3 F.3d 482, 488 (1st Cir. 1993). Indeed, "[t]o entertain an early appeal just because reversal of a ruling made by the district court *might* transpire and *might* expedite a particular appellant's case would defoliate Rule 54(b)'s protective copse." Spiegel v. Trustees of Tufts College, 843 F.2d 38, 46 (1st Cir. 1988) (emphasis in original). Here, Defendant submits that Plaintiffs' likelihood of success on appeal is quite small and that there is thus little risk that a second duplicative trial will be required at a later date.

Moreover, although the Court's summary judgment decision on Plaintiff's regulatory takings claim is dispositive of that claim, Plaintiff has not established how an immediate appeal of that ruling and a corresponding stay of his physical takings claim will expedite the ultimate resolution of this case. Defendant's motion for summary judgment was granted as to Plaintiff's regulatory taking claim on the threshold question of whether Plaintiff possessed a compensable property interest in maintaining the navigability of the mouth of the Toussaint River. This threshold question is not an element of or even relevant to Plaintiff's physical takings claim, which is properly focused on whether there has been a physical invasion of the property owned by Plaintiff one mile upstream of the mouth of the river.

Although there may be some factual overlap between Plaintiff's regulatory and physical takings claims, the issues and evidence involved in litigating Plaintiff's physical takings claim are considerably narrower that the regulatory takings claim. The narrow issue remaining to be tried in this case is whether there was a physical invasion of Plaintiff's property. The litigation of this narrow issue will not be facilitated by an appeal of the regulatory takings claim. Accordingly, allowing an immediate appeal of Plaintiff's regulatory taking claim and ordering a

corresponding stay of Plaintiff's physical takings claim will merely serve to delay the final resolution of this case.

It is well established that "sound judicial administration does not require that Rule 54(b) requests be granted routinely." Curtiss-Wright Corp., 446 U.S. at 11. Other than the mere possibility that two trials might be avoided if this Court were to enter a partial final judgment and if the appellate court were to reverse this Court's summary judgment order, Plaintiff has not demonstrated why entry of partial judgment would be in the interests of justice. Although Defendant is mindful of the resources that might be saved by the conduct of a single trial, the risk of a duplicative second trial in this case is small and the Court must also consider the interests in avoiding piecemeal litigation in the appellate court. Because allowing a piecemeal appeal would require the appellate court potentially to learn the background facts of this case twice, the policy against piecemeal litigation outweighs any factors favoring the entry of a partial judgment under Rule 54(b) and a corresponding stay of this case. Plaintiff's motion should therefore be denied.

Dated: November 16, 2005

Respectfully submitted,

KELLY A. JOHNSON
Acting Assistant Attorney General

/s Brian C. Toth

BRIAN C. TOTH
KATHLEEN DOSTER
Trial Attorneys
General Litigation Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0639

Facsimile: (202) 305-0506

Attorney for Defendant United States

**CERTIFICATE OF SERVICE**

I certify that on November 16, 2005, I caused a copy of the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL FINAL JUDGMENT AND STAY OF THE REMAINING LITIGATION to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas Alva Sobecki
tsobecki@tomsobecki.com

/s Brian C. Toth
BRIAN C. TOTH
Attorney for Defendant United States