IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Kent D. Floro,

Plaintiff,

vs.

The United States,

Defendant.

Case No. 01-538 L

Judge Francis M. Allegra

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION THAT THE COURT DIRECT ENTRY OF A FINAL JUDGMENT AS TO HIS REGULATORY TAKINGS CLAIM**

Plaintiff Kent D. Floro, by and through his attorney, Thomas A. Sobecki, replies to defendant's opposition to plaintiff's motion that the Court direct entry of a final judgment as to his regulatory takings claim, as follows:

It is undisputed that this case involves two claims - a regulatory takings claim and a physical takings claim. If allowed by the Court, Rule 54(b) of the Rules of the United States Court of Federal Claims provides for the immediate appeal of a single adjudicated claim while another claim remains unadjudicated and pending.

Plaintiff concedes, as is clear in his motion, that there is some factual overlap in the two issues. For example, extensive expert testimony by Dr. Herdendorf is necessary and will be presented on both claims (if, of course, plaintiff is successful on his appeal). Defendant states in its opposition, on page 4, that there "may" be some factual overlap on the two claims. "The Supreme Court has stated that even where there is some factual overlap of issues, other factors may justify the

district court's exercise of discretion to certify an appeal in a given case." W.L. Gore & Assocs., Inc. v. Internal Med. Prosthetics Research Assocs, Inc., 975 F.2d 858, 864 (Fed. Cir. 1992), citing Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 n.2 (1980). In Curtiss-Wright, the Supreme Court gave an example of a factor that would justify a Rule 54(b) certification: "For example, if the district court concluded that there was a possibility that an appellate court would have to face the same issues on a subsequent appeal, this might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims."

In his motion, plaintiff demonstrated hardship that would result if a 54(b) judgment is not entered, i.e., that it will take considerable evidence to prove liability and damages on the physical takings claim including expert testimony, most of which could be used to prove liability and damages on the regulatory takings claim if the appeal is successful and the two claims are tried together in one trial. In addition to this hardship, plaintiff represents to the Court that in his opinion settlement chances are enhanced if his motion is granted. If the motion is granted and he is successful on the appeal, defendant will surely reevaluate its settlement posture. If the motion is granted and he is not successful on the appeal, plaintiff will reevaluate his settlement posture.

For the reasons set out in his motion and this reply, plaintiff requests this Court to direct the entry of a final judgment as to the regulatory takings claim that has been dismissed and make an express determination that there is no just reason for delay and for the entry of judgment.

Respectfully submitted,

/s/ Thomas A. Sobecki

Thomas A. Sobecki
520 Madison Avenue, Suite 811
Toledo, Ohio 43604
Telephone: 419-242-9908
Fax: 419-242-9937
E-mail: tsobecki@tomsobecki.com
Attorney for Plaintiff
Kent D. Floro

PROOF OF SERVICE

I certify that the foregoing Plaintiff's Reply To Defendant's Opposition To Plaintiff's Motion That The Court Direct Entry Of A Final Judgment As to His Regulatory Takings Claim was served on Brian C. Toth by the Court's electronic filing and notification system, this 5th day of December 2005.

/s/ Thomas A. Sobecki

Thomas A. Sobecki