# In The United States Court of Federal Claims

No. 01-538L

(Filed: January 30, 2006)

__________

KENT D. FLORO,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

__________

**ORDER**

__________

On September 13, 2005, this court granted, in part, and denied, in part, defendant's motion for summary judgment in this case, rejecting plaintiff's regulatory takings claim and reserving plaintiff's physical takings claim pending trial. As to the regulatory takings claim, this court found that because Ohio law does not provide a riparian owner with a distinct right to maintain navigability between plaintiff's property and other desirable locations, plaintiff did not have a property right that was taken when the Army Corps of Engineers allegedly took actions that limited his access to Lake Erie. The court, however, denied defendant's motion for summary judgment as to plaintiff's claim that the Corps had dumped ordnance on plaintiff's property (or otherwise allowed ordnance to migrate to that property), finding that genuine issues of material fact existed as to that claim. On October 16, 2005, plaintiff filed a "Motion that the Court Direct Entry of a Final Judgment as to His Regulatory Takings Claim" pursuant to Rule 54(b). Briefing on that motion has been completed.

Recently, in *Klamath Irr. Dist. v. United States,* 69 Fed. Cl. 160 (2005), this court laid out the considerations underlying entry of judgment under RCFC 54(b). That rule provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

As dictated by its terms, in a multiple claims action, Rule 54(b) requires that there be separate claims, a final judgment as to some of those claims, and a determination of "no just reason for

delay." *Klamath Irr. Dist.*, 69 Fed. Cl. at 164; *see CAE Screenplates, Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224 F.3d 1308, 1314 (Fed. Cir. 2000); *Aleut Tribe v. United States*, 702 F.2d 1015, 1020 (Fed. Cir. 1983); *Cherokee Nation of Okla. v. United States*, 23 Cl. Ct. 735, 737 (1991); *see also Brunswick Corp. v. Sheridan*, 582 F.2d 175, 182-83 (2d Cir. 1978). By virtue of such a certification, "an [o]rder dismissing one of several counts or parties may be converted to a final, appealable order; failing that, an [o]rder dismissing one of several counts remains interlocutory." *Florida Power & Light Co. v. United States*, 66 Fed. Cl. 93, 97 (2005); *see also Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435 (1956).

As the court explained in *Klamath Irr. Dist. v. United States,* no bright-line test determines whether claims are "separate" for purposes of Rule 54(b). *Klamath Irr. Dist.,* 69 Fed. Cl. at 164; *see* 10 James Wm. Moore et al., Moore's Federal Practice ¶ 54.22[2][b][ii] (3d ed. 2000). Rather, the court must take the following factors into consideration: (i) the extent of factual overlap; (ii) whether separate causes of action depend upon proof of different facts or have different burdens of proof; (iii) whether the application of *res judicata* considerations suggest that the claims are linked; and (iv) whether the multiple relief is for the same injury. *Klamath Irr. Dist.,* 69 Fed. Cl. at 164; *Adams v. United States*, 51 Fed. Cl. 57, 59 (2001). More importantly, the court must also make "an express determination that there is no just reason for delay." *Id*. The court may not invoke Rule 54(b) casually, but must find "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Brunswick Corp.*, 582 F.2d at 183 (citations omitted). In this regard, the court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8(1980); *see also Sears, Roebuck*, 351 U.S. at 436-37 (application of the rule requires consideration of "the interest of sound judicial administration").

Because of the policy against piecemeal appeals, and the desire to promote judicial economy, the Supreme Court has stated that a trial court should consider "whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8. For its part, the Federal Circuit has emphasized that, under Rule 54(b), "piecemeal appeals are inappropriate in cases that should be given unitary review." *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001). As such, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Ultra-Precision Mfg., Ltd. V. Ford Motor Co.*, 338 F.3d 1353, 1357 (Fed. Cir. 2003) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

The question whether to enter judgment here is admittedly a close one. Ultimately, however, this court concludes that there is enough of a factual relationship between plaintiff's claims as to make it untenable to enter judgment as to his regulatory takings claim under RCFC 54(b). Indeed, plaintiff concedes in his briefs that his regulatory and physical takings claims contain factual overlap, and that the same expert testimony is necessary and would be presented on both claims. This is particularly the case with respect to the calculation of any damages here – if liability on the physical takings claim is found and it is determined that the value of plaintiff's property has dropped, the court would be required to determine how much of that loss was

associated with the physical takings claim, as opposed to plaintiffs' now rejected regulatory takings claim. Accordingly, were this court to enter a judgment on the latter claim, it almost certainly would have to stay the remainder of the case awaiting a decision from the Federal Circuit.

The court recognizes that plaintiff would prefer the immediate review of the denial of his regulatory takings claim and that view is certainly not unreasonable. Ultimately, however, the court concludes, in the words of RCFC 54(b) that there is a "just reason for delay" of that appeal – namely, that this case would proceed more efficiently if a trial were conducted and judgment was rendered as a unitary matter. The court does not believe that such an approach would impose an injustice on plaintiff as evidence regarding the historical value of his property would need to be produced at some point, whether or not this court's ruling on the regulatory takings issue is reversed on appeal. Indeed, it is conceivable that were this court reversed, the trial on the physical takings issue would provide evidence that would allow for liability and damages to be quickly determined on the regulatory takings issue with a minimum of additional fact finding. As such, the better course here seemingly is to set this matter down for trial.

Toward this end, on or before **February 24, 2006**, the parties shall file a joint status report, proposing a date for trial. The court is prepared to adjust its schedule to ensure that trial occurs as soon as possible.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge