IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KENT D. FLORO, Plaintiff, | ) | No. 01-538 L |
| v. | ) | Judge Francis M. Allegra |
| UNITED STATES, Defendant. | ) | |

**STIPULATION FOR COMPROMISE SETTLEMENT**
**REGARDING PLAINTIFF'S PHYSICAL TAKINGS CLAIM**

WHEREAS, in the interest of resolving Plaintiff's physical takings claim brought in this case in a manner mutually agreeable to all parties, Plaintiff Kent D. Floro and Defendant, United States, hereby agree to a full and complete settlement of Plaintiff's physical takings claim, inclusive of principal, interest, attorney's fees and costs.

NOW THEREFORE, it is stipulated and agreed to by the parties as follows:

1. Plaintiff is the owner of the real property which is the subject of the instant litigation, more particularly described as Floro's Marina, which is located in Carroll Township, Ohio, approximately one mile upstream of the place where the Toussaint River discharges into Lake Erie ("Toussaint River Mouth").

2. Plaintiff's complaint in this case consists of allegations regarding both a

regulatory takings claim and a physical taking claim. Generally, plaintiff's regulatory takings claim alleges that as a result of a revetment/retaining wall which was authorized by permits from the United States Army Corps of Engineers, shoaling accumulated at the Toussaint River Mouth, and that this together with ordinance accumulation at the mouth of the Toussaint River caused damages to Plaintiff's marina business. Generally, Plaintiff's physical takings claim alleges that ordnance belonging to the United States migrated onto, and caused a decrease in value in, Plaintiff's property.

3. The Court of Federal Claims (Allegra, J.), in an order of September 13, 2005, granted summary judgment in favor of the United States on Plaintiff's regulatory takings claim and denied summary judgment on Plaintiff's physical takings claim. Trial on Plaintiff's physical takings claim was set for August 21, 2006. (Dkt. #99).

4. The parties have engaged in good faith settlement negotiations in an effort to avoid the time and expense of further litigation in this case as to Plaintiff's physical takings claim.

5. The parties request that the United States shall be directed by final judgment to pay Plaintiff Kent D. Floro, ninety-five thousand dollars ($95,000), in compromise and settlement of Plaintiff's physical takings claim, and associated interest, fees and expenses.

6. This Compromise Settlement shall constitute a full, complete and final resolution of any and all of Plaintiff's physical takings claim against the United States, legal or equitable, arising out of the subject matter of the complaint on file herein. Plaintiff agrees to accept this payment as a full, complete and final resolution of his physical takings claim, including, but not

limited to, all claims that Plaintiff did assert or could have asserted in the complaint in this or any other action for just compensation, interest, attorneys fees and other litigation expenses, or for any other form of relief arising from the facts pled in the complaint on file herein as it relates to Plaintiff's physical takings claim.

7. This agreement does not affect Plaintiff's ability to pursue an appeal of the September 13, 2005 Order dismissing his regulatory takings claim.

8. The final judgment entered pursuant to this Stipulation for Compromise Settlement Regarding Plaintiff's Physical Takings Claim is the result of compromise and settlement, and shall not be construed as an admission by Defendant of any legal or specific monetary liability as to any or all of Plaintiff's claims for just compensation, interest, attorneys fees and other litigation expenses, or any other kind of legal or equitable relief; nor shall the final judgment entered by the Court pursuant to this Stipulation of Compromise Settlement be interpreted to constitute a precedent or argument in this or any other case.

9. Plaintiff intends to appeal the September 13, 2005 Order dismissing his regulatory takings claim. Plaintiff agrees that if his appeal is successful and he seeks recovery for attorney's fees incurred prior to the date of this agreement, Plaintiff shall be limited to recovering 80% of the total hours incurred to date. Plaintiff's attorney states that he has incurred 397.75 hours of fees in this case prior to the date of this agreement, and therefore, Plaintiff shall be limited to recovering 318.20 hours, at an hourly rate of $175, for fees incurred prior to the date of this agreement. Defendant reserves the right to challenge any award of fees, based on the number of hours, hourly rate, or any other grounds.

10. Plaintiff intends to appeal the September 13, 2005 Order dismissing his regulatory takings claim. Plaintiff agrees that if his appeal is successful and he seeks recovery for costs incurred prior to the date of this agreement, Plaintiff shall be limited to recovering 80% of the total costs incurred to date. Plaintiff states that he has incurred $73,761.88 in costs prior to the date of this agreement, and therefore, Plaintiff shall be limited to recovering $59,009.50 for costs incurred prior to the date of this agreement. Defendant reserves the right to challenge any award of costs, based on the type, amount, or any other grounds.

11. The United States agrees that, if Plaintiff is ultimately successful on his appeal of his regulatory takings claim, nothing in this agreement shall affect Plaintiff's ability to seek fees or expenses incurred after the date that judgment is entered against the United States pursuant to this Stipulation For Compromise Settlement.

12. This Stipulation for Compromise Settlement shall be binding on the Parties, all of their related and affiliated companies and persons, and their successors and assigns.

13. This Stipulation for Compromise Settlement represents the entire agreement between Plaintiff and Defendant with respect to the settlement of Plaintiff's physical takings claim, and any other claim Plaintiff did assert or could have asserted in the complaint in this or any other action for just compensation, interest, attorneys fees and other litigation expenses, or for any other form of relief arising from the facts pled in the complaint on file herein, with the exception of Plaintiff's appeal of the September 13, 2005 Order dismissing Plaintiff's regulatory takings claim.

Respectfully submitted this 17th day of July, 2006.

For Plaintiff:

Dated: July 17, 2006

/s/ Thomas A. Sobecki
THOMAS A. SOBECKI
520 Madison Ave., Suite 811
Toledo, OH 43604
Telephone: (419) 242-9908
Facsimile: (419) 242-9937

Attorney for Plaintiff Kent D. Floro

For Defendant:

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

Dated: July 17, 2006

/s/ Brian C. Toth
BRIAN C. TOTH
KATHLEEN L. DOSTER
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0639
Facsimile: (202) 305-0506

Attorneys for Defendant United States